FIRST NATIONAL BANK OF NORTH YAKIMA, WASHINGTON, Appellant, v. BLACK HILLS TRUST & SAVINGS BANK, Respondent.

(184 N. W. 236.)

(File No. 4901.  Opinion filed August 31, 1921.)

Contracts—Sale of Apples to Bank Customer, Bank's Promise To Honor Draft by "G. P." on Customer, Draft Drawn By "G. T. P. & Co."—Whether Promising Bank Liable.

Where defendant bank, whose customer was negotiating a purchase of a carload of apples from P. & Co. who were doing business in the town of plaintiff bank, wired plaintiff bank it would pay a draft drawn by G. P. on the purchasing company for the apples, and plaintiff, relying thereon, honored a draft drawn by G. T. P. & Co. on said purchaser, and forwarded same to defendant for collection, payment thereof being refused by purchasing company; held, that defendant bank was not liable; it not having promised or guaranteed payment of drafts drawn by G. T. P. & Co., a different concern.

Appeal from Circuit Court, Lawrence County.  Hon. JAMES McNENNY, Judge.

Action by the First National Bank of North Yakima, Washington, a corporation, against the Black Hills Trust & Savings Bank, a corporation, to recover upon a draft drawn through defendant bank by George T. Posey & Co., on the Black Hills Mercantile Company.  From an order sustaining a demurrer to the complaint, plaintiff appeals.  Affirmed.

*Buell & Denu,* for Appellant.

*Martin & Mason,* for Respondent.

WHITING, J.   Appeal from an order sustaining a demurrer to a complaint.   The complaint confesses the following facts: George T. Posey & Co. was either a copartnership or corporation doing business in the state of Washington; the Black Hills Mercantile Company was a company doing business in the state of South Dakota; plaintiff was a banking corporation doing business at the same place as did George T. Posey & Co.; defendant was a banking company doing business at the same place as did the Black Hills Mercantile Company, which was one of its customers; the mercantile company ordered several car loads of apples from Posey & Co.; in order to enable the mercantile company to purchase these apples defendant sent plaintiff a telegram to the effect that it would honor a draft on the mercantile company for the apples on their arrival, if the apples were as represented; to this plaintiff answered that it could not accept a conditional guaranty; defendant then wired plaintiff that it would pay drafts drawn by George Posey on the mercantile company for apples; relying upon this last telegram, plaintiff honored a draft drawn by George T. Posey & Co. on the said mercantile company, and forwarded same to defendant for collection; payment was refused by the mercantile company; plaintiff has been unable to collect of Posey & Co., which is insolvent; demand has been made upon defendant for the payment of the amount of such draft; and such payment has been refused.

Plaintiff, appellant in this court, contends, in support of its claim of liability on the part of respondent, that respondent's liability is the same as though the draft which respondent agreed to pay was a draft to be drawn on itself, and not on the mercantile company; respondent contends that the rule of liability is entirely different because of the fact that this was a draft drawn on a third party.   Respondent also urges other grounds upon which it contends the ruling of the trial court was correct.   We find it unnecessary to consider any ground urged on behalf of respondent, other than one which, to our minds, is conclusive on this appeal.   Respondent wired that it would pay drafts drawn by George Posey. · The draft that forms the basis of this suit was drawn by "George T. Posey & Co."   Respondent never promised or guaranteed the payment of drafts drawn by such company.

The order appealed from is affirmed.